IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**HENRY ARMSTRONG, et al.,**
**Each Individually and on Behalf of All**
**Others Similarly Situated,**

        **Plaintiffs,**

**v.**

**TEJAS COURIER, LLC, MARK VARGAS,**
**And AMAZON LOGISTICS, INC.,**

        **Defendants**

           **CIVIL ACTION NO. 4:17-cv-1521-KPE**

### JOINT MOTION FOR REINSTATEMENT AND APPROVAL OF SETTLEMENT AGREEMENT

COME NOW Plaintiffs Henry Armstrong, Cheli Armstrong, Cordell Coleman, Edwin Simon, Natasha Armstrong, Mattiree Ewing, Angequan Walker, Jenice Tavorn, Brandon Beasley, Donald Browning, Mark Osborne, Brensley Smith, Kalilah Walker, Chat Rogers, Douglas Hanspard, Marcus Poole, Chris Barnard, Rene Revilla, Matthew Hurt, Matthew Watson, Qudus Odusanya, Calvin Davis and Tommy Swamey and Defendants Tejas Courier, LLC, Mark Vargas, and Amazon Logistics, Inc. (collectively the "Parties"), by and through their undersigned counsel, and hereby submit their Joint Motion for Reinstatement and Approval of Settlement Agreement and respectfully show the Court as follows:

Page 1 of 13
Henry Armstrong, et al. v. Tejas Courier, LLC, et al.
U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE
Joint Motion for Reinstatement and Approval of Settlement Agreement

## I.   INTRODUCTION

The Parties have agreed to keep the terms of their settlement agreement confidential; therefore, the Parties respectfully request an order granting their Joint Motion for Permission to File Settlement Agreement Under Seal. (ECF No. 115).

The Parties have reached a confidential settlement of the pending unpaid minimum wage and overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  The settlement provides former employees of Defendant Tejas Courier, LLC who worked as couriers or drivers during the relevant time period with proceeds from the settlement for claimed unpaid minimum wage and overtime damages.

The FLSA settlement was the result of arm's-length negotiations, conducted by experienced counsel, after formally and informally exchanging information, and participation in extended negotiations.  The terms of the settlement are reasonable and appropriate and fair to all Parties involved.  Accordingly, the Parties ask the Court to reinstate this case for the purposes of approving the settlement and enter an order dismissing this lawsuit with prejudice in accordance with the terms of the Parties' Settlement Agreement.

## II.   BACKGROUND

On May 17, 2017, Henry Armstrong, Cheli Armstrong, Cordell Coleman and Edwin Simon filed this collective action lawsuit against Defendants Tejas Courier, LLC, and Mark Vargas, on behalf of themselves and similarly situated couriers, alleging that they and all putative class members were not paid a lawful minimum wage or overtime premium, in violation of the FLSA (the "Action"). Plaintiffs alleged that Tejas Courier, LLC, and Mark Vargas failed to comply with the FLSA by classifying Plaintiffs and other couriers as

**Page 2 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

independent contractors and denying them overtime compensation for all hours over forty (40) per week, in addition to requiring them to pay certain costs which reduced their wages below the lawful minimum wage. Plaintiffs sought unpaid back wages, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs.

Defendants Tejas Courier, LLC, and Mark Vargas denied the Plaintiffs' allegations and asserted numerous affirmative defenses, including that the couriers were exempt from the FLSA's minimum wage and overtime requirements as independent contractors and that they acted in good faith.  Plaintiffs also alleged that Defendants Tejas Courier, LLC, and Mark Vargas willfully violated the FLSA, which Defendants denied.

Plaintiffs filed a First Amended and Substituted Complaint on August 3, 2017, adding 20 additional individuals as named Plaintiffs. Plaintiffs filed their Motion for Conditional Certification of a class of couriers or drivers on August 15, 2017. On November 16, 2017, the Court approved Plaintiff's request to conditionally certify a class. Notice was sent to putative class members, and 100 individuals timely opted-in to the class by executing and filing with the Court a Consent to Join Collective Action.

Plaintiffs filed a Second Amended Complaint to add Amazon.com, Inc., and Amazon.com as Defendants, then a Third Amended and Substituted Complaint to replace those parties with Amazon Logistics, Inc. (hereinafter "Amazon").  Defendant Amazon answered, denying all allegations and asserting numerous affirmative defenses, including that it did not employ any of the Plaintiffs.  Defendant Tejas Courier, LLC, the direct employer of Plaintiffs, shut down and its owner, Defendant Mark Vargas, filed for bankruptcy during the litigation.

During the course of this litigation, Plaintiffs and Amazon independently and

**Page 3 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

thoroughly investigated the claims and defenses at issue. Plaintiffs and Amazon conducted an in-depth analysis of the potential damages, including reviewing and processing business and payroll records of Tejas Courier, LLC. These efforts provided Plaintiffs and Amazon with great insight as to potential liability and the range of recovery at issue. Further, these efforts, coupled with Plaintiffs' and Amazon's thorough preparation and familiarity with the facts and law surrounding the issue of misclassification and exemptions, allowed both Parties to intelligently, and in good faith, weigh both the risks and benefits of continued litigation. After doing so, Plaintiffs and Amazon agreed to conduct a bi-lateral mediation that occurred on October 15, 2019.

### III.   SETTLEMENT

On October 15, 2019, the Plaintiffs and Amazon engaged in bi-lateral mediation via videoconference.  Prior to the mediation, Defendants Tejas and Vargas provided extensive, detailed payroll information for the Plaintiffs and Opt-in Plaintiffs in addition to records showing the amount of work that Plaintiffs and Opt-in Plaintiffs performed.

On November 13, 2019, the Parties filed a Joint Notice of Settlement, informing the Court that they had reached an agreement in principle and would file a Joint Motion for Approval for the Court's review. On December 20, 2010, the Court issued a Conditional Order of Dismissal, dismissing the action without prejudice to reinstatement in the event the settlement could not be completely documented, and indicating that the claims would be dismissed with prejudice unless either party moved for reinstatement within sixty (60) days of the Conditional Order of Dismissal. The Parties have finalized their settlement that will be provided to the Court for *in camera review*.  The Parties now seek reinstatement of the case so that, as stated in the Joint Notice of Settlement, the

**Page 4 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

Court may approve their Settlement Agreement. The agreement represents a fair compromise of a bona fide dispute concerning the legality of Defendants' compensation practices. The settlement covers the claims of those who filed consents, elected to opt into the Action, and did not subsequently withdraw their consents ("Class Members").

The key details of the proposed settlement are described below and have been set forth in the Parties' Confidential Release and Settlement Agreement. *See* Exhibit A.[1]

### A.　SETTLEMENT AMOUNT AND FORMULA FOR DISTRIBUTION

The proposed settlement obligates Defendants to pay a Settlement Fund, Service Payments, and attorneys' fees and costs, each of which were negotiated separately. Defendants will send the attorney's fees and costs portion directly to the Sanford Law Firm, PLLC, per the settlement agreement.

Named Plaintiffs, as well as Opt-in Plaintiffs Jolene Furdek and David Hellums, will split an amount constituting Service Payments for their services in bringing the case, maintaining and litigating the case, providing relevant information, attending hearings, and obtaining a settlement on behalf of all Class Members.

All Class Members who have opted in are entitled to receive a settlement payment from the Settlement Fund. Each Class Member's share of the Settlement fund was calculated by first determining the number of weeks in which individuals for whom Defendants had delivery data performed work. The average number of weeks was then determined, which was eighteen (18). For each of those individuals for whom Defendants had no delivery data, the Parties assumed the average number of weeks. From that, the Parties determined the *pro rata* share of weeks for which each individual's settlement

---

[1]　Exhibit A has been filed with this Court under Seal.

**Page 5 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

share would be calculated.  Thus, for each individual, the number of weeks was divided by the total number of weeks worked by all Class Members.  This provided the Parties with a decimal, which the Parties then multiplied by $36,000.00 (the sum of the Settlement Fund) to determine each Class Member's proportional share, based on their proportion of settlement weeks relative to the rest of the Class Members.

In sum, each Class Member will receive a pro rata share of the Settlement Fund based on the relative number of weeks they worked (or the estimated weeks worked) during the time period covered by the settlement.  This is a fair and reasonable approach to allocating the settlement.

The Parties further agree that 100% of each individual's settlement amount, as well as the service payments and attorney's fee payment shall be reported on an IRS Form 1099.

### B.    SCOPE OF RELEASE

In exchange for compensation under the settlement, Named Plaintiffs will fully release Defendants from all claims through the date of the execution of the Settlement Agreement in exchange for their share of the Settlement Fund and their individual Service Payments.  Opt-in Plaintiffs will provide only a limited release of wage claims in favor of Defendants.

### IV.    THIS COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THIS LAWSUIT

Over the life of this collective action, the Parties conducted informal discovery, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted in this collective action.  Based upon the Parties' investigation, legal evaluation, and taking into account the contested legal and factual

**Page 6 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

issues involved, including Plaintiffs' Counsel's assessment of the uncertainties of litigation and the relative benefits conferred upon the Class Members pursuant to this Settlement Agreement, the Parties have concluded that this settlement is fair, reasonable, adequate, and in the best interests of the Parties.

Plaintiffs and Defendants now seek Court approval of the Parties' agreed settlement. The settlement represents a fair compromise of a bona fide dispute concerning the legality of Defendants' compensation practices with respect to its couriers and drivers.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee ... affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D.Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir.1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355.

**Page 7 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

A.    A BONA FIDE DISPUTE EXISTED

Congress has recognized that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part that endangered national health and efficiency and, as a result, the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706–07, 65 S.Ct. 895, 89 L.Ed. 1296 (1945).[2] Due to this unequal bargaining power, Courts must ensure that a settlement agreement is the product of a bona fide dispute.

In the instant case, the Parties fiercely contested the claims and defenses asserted. Plaintiffs alleged that Defendants improperly paid Plaintiffs a piece rate without overtime premiums for work over forty hours per week.

The Parties further disagreed on the amount of hours allegedly worked and whether Plaintiffs could satisfy their burden to demonstrate that Defendants acted willfully, which in turn affects whether Plaintiffs could recover compensation for two (2) years or three (3) years.  *See* 29 U.S.C. § 255.  Plaintiffs also contend that Defendants would not be able to meet their burden to prove that they acted in good faith, which would implicate the amount, if any of liquidated damages.  *See* 29 U.S.C. § 260.  Defendants maintained that, at all times, they acted in good faith, and damages (if any) should be recovered only for a two (2) year period.  Each Party has its own risks and exposure, which makes the agreed-upon settlement of this case attractive to all sides.

---

[2]    *Brooklyn Savings Bank*, 324 U.S. 697 (1945)(requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986)(in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

**Page 8 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

As a result of all of the filings, arguments, documentation, and discovery in the instant suit, the current settlement before the Court is the result of a bone fide dispute. The Parties disputed liability in this case and reached a compromise only after mediation.

### B.    FAIR AND REASONABLE SETTLEMENT

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.,* 2010 WL 1688793, at *1 (M.D. La. 2010) (citations omitted)). As well, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for a substantial amount of time. Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well -informed as to the facts and circumstances of the litigation. *See Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977) (holding that the court is "entitled to rely upon the judgment of experienced counsel for the parties" in assessing a settlement and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel"); *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050, at *3 (S.D. Tex. Jan. 31, 2018) (preliminarily approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues"); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a . . . settlement.") (internal citations

Page 9 of 13
Henry Armstrong, et al. v. Tejas Courier, LLC, et al.
U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE
Joint Motion for Reinstatement and Approval of Settlement Agreement

omitted).    The Parties' Counsel both believe approval of the settlement is in Parties' best interest and that the Agreement is fair and reasonable.

After the Parties reached an agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement and the scope of the release.   Indeed, it cannot be denied that the settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard-fought negotiations.

All that said, there can be no question that this Settlement Agreement represents fair value for the Class Members.

### C.    THE REQUESTED ATTORNEY'S FEES AND COSTS ARE REASONABLE

Plaintiffs are entitled to recover their attorney's fees and costs for their claims for overtime pay. *See, e.g.,* 29 U.S.C. § 216(b).   Plaintiffs' Counsel believes that the Settlement Agreement's provision concerning attorney's fees is fair and reasonable.  The attorneys' fees agreed upon by the Parties were negotiated at arms' length—negotiated independently from the collective damage settlement negotiations—and in addition to Plaintiffs' claim on behalf of themselves and the Opt-in Plaintiffs.  Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation.  *Barbee v. Big River Steel, LLC*, __ F.3d __, 2019 WL 2527594 at *2 (8th Cir. June 20, 2019).  Also, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778-80 (8th Cir. 2018)("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees.").  Thus, this resolution sufficiently closes all matters before the Court and warrants dismissal.

**Page 10 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

## V.    CONCLUSION

The Parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial and in the best interests of all Parties.  As noted above, this proposed settlement was reached following the exchange of information, data, depositions, and extensive negotiations. Because of the various defenses asserted by Defendants and the possibility that Defendants may have successfully defeated or limited some or all of Plaintiffs' claims, including those claims related to willfulness, damages, liquidated damages, and joint employer status, the Parties believe that the settlement represents a fair compromise of a *bona fide* dispute.  Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with trial and possibly appeal.

The Parties hereby request that the Court (1) reinstate this case for the purposes of approving this settlement, including all of the terms set forth in the Settlement Agreement; and (2) dismiss this lawsuit and the claims of Plaintiffs with prejudice, in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**Page 11 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

Respectfully submitted,

**HENRY ARMSTRONG, et al., PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Josh Sanford
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

**DEFENDANT AMAZON LOGISTICS, INC.**

MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois 60601
Telephone: 312-324-1000
Facsimile: 312-324-1001

/s/ Stephanie L. Sweitzer
Stephanie L. Sweitzer
Admitted *pro hac vice*
IL State Bar No. P66376
stephanie.sweitzer@morganlewis.com

**DEFENDANT MARK VARGAS**

Mark Vargas
mark@tejascourier.com

**Page 12 of 13**
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**

## <u>CERTIFICATE OF SERVICE</u>

I, Josh Sanford, certify that, on the date imprinted by the electronic case filing system, a true and correct copy of the foregoing MOTION was sent to the following via email and U.S. Mail:

Mark Vargas
PO Box 56673
Houston, Texas 77256
832-544-0674
mark@tejascourier.com

Further, on the date imprinted by the electronic case filing system, a true and correct copy of the foregoing MOTION was filed with the ECF system, which will provide notice to the following:

Stephanie L. Sweitzer, Esq.
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
Telephone: 312-324-1000
Facsimile: 312-324-1001
stephanie.sweitzer@morganlewis.com

/s/ Josh Sanford
**Josh Sanford**

Page 13 of 13
**Henry Armstrong, et al. v. Tejas Courier, LLC, et al.**
**U.S.D.C. (S.D. Tex.) No. 4:17-cv-1521-KPE**
**Joint Motion for Reinstatement and Approval of Settlement Agreement**